SUMMERLIN et al. v. SMITH et al.*
(No. 3133.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 23, 1925. Rehearing Denied Jan. 7, 1926.)

1. **Vendor and purchaser** ⊚⟜242 — **Plaintiffs, claiming legal title to land in possession of defendant, not required to prove that defendant was not an innocent purchaser for value.**

Plaintiffs, claiming legal title to land in possession of defendant by inheritance from their deceased brother, *held* not to have burden of proving that defendant was not an innocent purchaser for value, and that he had notice of former conveyance not appearing of record.

2. **Descent and distribution** ⊚⟜75—**Legal title to property in possession of defendant descended to plaintiffs as heirs of deceased, subject to life estate of his surviving wife.**

If deceased acquired legal title to land before his marriage, such property belonged to his separate estate, and at his death his legal title vested in his heirs, subject to life estate of his surviving wife, and on her death entire estate passed to heirs.

3. **Vendor and purchaser** ⊚⟜242—**Purchaser has burden of proving that he purchased without notice and paid a valuable consideration.**

One who purchases property subject to prior unrecorded conveyance has burden of proving that he purchased without notice and paid a valuable consideration.

4. **Evidence** ⊚⟜353(5)—**Recitals in deed not proof of payment of valuable consideration.**

Recitals in deed are not proof of payment of valuable consideration.

Appeal from District Court, Titus County; R. T. Wilkinson, Judge.

Suit by Mrs. Mary Summerlin and others against T. E. Smith and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

John A. Cook and J. F. Wilkinson, both of Mt. Pleasant, for appellants.

J. A. Ward, of Mt. Pleasant, and J. M. Burford, of Dallas, for appellees.

HODGES, J. The appellants filed this suit against the appellees, Smith and McCollum, to recover the title and possession of 85 acres of land situated in Titus county. The appellants, Mary Summerlin and Amanda Fussell, claimed title by inheritance from their brother, Luther Ferguson, who acquired the land from G. R. Blackburn, the admitted common source of title.

The facts, about which there is little, if any, dispute, are, in substance, as follows: Some time in 1888, and while he was unmarried, Luther Ferguson bought an undivided interest in a tract of land from Blackburn, for which he paid a consideration in whole or in part in stock. A deed conveying the land was executed and delivered by Blackburn to Ferguson, and there is some evidence tending to show that it was recorded by Ferguson. But, if recorded, the record was destroyed by fire when the courthouse was burned some years later. No such deed appeared upon the records after the fire. In 1888, and after this transaction with Blackburn, Ferguson married Elizabeth Hilton, with whom he was living at the time of his death. In 1891 he took another deed from Blackburn to 85 acres of land, which, Blackburn testified, was a distinct portion of the tract out of which he had formerly conveyed an undivided interest to Ferguson. The second conveyance, according to Blackburn, was designed merely as a deed of correction, or as a designation of the particular interest which the original deed was intended to convey. Ferguson died without leaving any children, and was survived by his wife. Some time later Mrs. Ferguson married the

appellee Smith, with whom she lived till her death. She left a will in which she devised the land in controversy to Smith. In August, 1920, Smith sold and conveyed the land to McCollum, by whom it is now claimed.

The deed from Smith to McCollum recited a consideration, consisting partly of cash and the remainder of vendor's lien notes. In the trial below the court gave a peremptory instruction in favor of the appellees, Smith and McCollum. In this appeal that instruction is assigned as error by the appellants, and is defended by the appellees upon the ground that, according to the only record of transfers in existence at the time McCollum purchased the property, it belonged to the community estate of Ferguson and wife; that, in the absence of children of that marriage, the latter had the apparent right to dispose of the land and convey a good title. There was no evidence, it is asserted, that McCollum did not purchase in good faith and without notice of the prior unrecorded deed from Blackburn to Ferguson made before his marriage.

[1, 2] Evidently the trial court assumed that under that state of the evidence the appellants had the burden of proving that McCollum was not an innocent purchaser for value; that he had notice of the former conveyance from Blackburn to Ferguson, if there was any. That proposition would be correct if the appellants here were claiming only an equitable interest in the land; but they are not. If they have any rights, such rights are based upon a legal title to the land, which they took by inheritance from their deceased brother. Lewis v. Cole, 60 Tex. 341. If Ferguson acquired the legal title before his marriage, as the evidence offered by the appellants tends to show, the property belonged to his separate estate, and at his death his legal title descended and vested in the appellants as his heirs, subject to the life estate of the surviving wife. Upon her death the entire estate passed to the appellants. Mrs. Ferguson therefore had no legal right to convey any estate to her second husband.

[3, 4] If the facts relied on by the appellants be true, then McCollum's rights in this controversy rest entirely upon estoppel, based upon the fact that he had no notice of the prior unrecorded deed of Blackburn to Ferguson. It has frequently been held that one who purchases without notice of a prior unrecorded conveyance has the burden of proving that he purchased without notice and paid a valuable consideration. Turner et al. v. Cochran et al., 94 Tex. 484, 61 S. W. 923; Kimball v. Oil Co., 100 Tex. 341, 99 S. W. 854. The cases referred to above also hold that mere recitals in the deed are not sufficient to prove the payment of a valuable consideration. It is true that in this case McCollum testified that he did not have any notice of

the prior transaction between Ferguson and Blackburn; but, he being an interested witness, the court could not treat his testimony as conclusive upon that issue. Moreover, he did not testify that he had paid any consideration for the property.

In view of the disposition which we make of the case, it is not necessary to discuss the remaining assignment of error. The judgment will therefore be reversed, and the cause remanded for another trial.