S. A. TUGGLE, Appellant.

v.

Joe G. COOKE et al., Appellee.

No. 15603.

Court of Civil Appeals of Texas.

Fort Worth.

March 25, 1955.

Rehearing Denied April 22, 1955.

Nelson, Montgomery, Robertson & Sellers, and Lee Sellers, Wichita Falls, for appellant.

William C. Culp; Sullivant & West, and George L. West, Gainesville, for appellee.

MASSEY, Chief Justice.

From a judgment for defendant in a suit in trespass to try title to minerals under certain lands in Cooke County, Texas, the plaintiff appealed.

Judgment affirmed.

In 1933 the plaintiff Tuggle acquired by general warranty deed property described as follows:

"Second Tract: Beginning at the * * *; Thence E. 950 vrs, his S. E. corner a stake whence a P. O. brs. N. 47½ E. vrs. do S. 62 E. 7 vrs; Thence S. 950 vrs. to corner; Thence W. 950 vrs. to a stake in corner; Thence N. 950 vrs. to the point of beginning, containing 160 acres. Said two tracts containing, in the aggregate, 179⅛ acres."

Only part of this acreage is important of consideration by us. The total area of the acreage which is important comprises 125 acres. This 125 acres may be considered in certain respects as two different parcels of acreage, one parcel having 50 acres and the other 75 acres. One Endres, the common source of title here in dispute, and who owned such 125 acres in fee, both surface and minerals, prior to date of July 13th, 1926, treated the mineral estate under the 75 acres as one parcel of acreage, and as separate and different from the 50 acres, by a mineral deed executed to one Fisher on said date.

By said deed dated July 13th, 1926, Endres conveyed to Fisher a mineral estate under the 75 acres, a part of the metes and bounds description of which is found in the deed, as follows:

" * * * Thence North 547⁸⁄₁₀ vrs to the SW corner of a tract of 50 acres, one half royalty of which is this day conveyed to Joe Cook; * * *."

Though a "chain of title" is traceable as to said interest through the deed to Fisher, as a "chain" in itself—separate and distinct from that through which Tuggle received his title in 1933—after Fisher's deed had been placed of record, there is no other conveyance outside Tuggle's "chain of title" with which we need concern ourselves except that one hereafter noted to "Joe Cook" and for our purposes in this discussion we may assume that no grantor in Tuggle's "chain of title" conveyed any interest in the remaining part of the 125 acres (the 50 acres) except to the Joe Cook referred to in Endres' deed to Fisher.

On May 28th, 1935, a "correction deed" was executed by Endres to Joe Cook, which deed recited that Endres had executed a conveyance to the same person of an undivided one-half of the minerals under the 50 acres (metes and bounds described) on date of July 13th, 1926. Also recited was the fact that such prior deed was lost, and execution of the "correction deed" to replace it.

Plaintiff Tuggle, being of the opinion that the "correction deed" was fraudulent, and moreover, of the opinion that he was in law an innocent purchaser of the 50 acres in fee, unburdened by any interest in (or by and through) any person named Joe Cook, instituted a trespass to try title suit. Joe G. Cooke was named as a defendant. We can safely disregard the other defendants named along with Cooke, for disposition of the questions herein posed as to Cooke settles those as to such others. It was established that the "Cook" in the "correction deed" and the "Cook" in the deed to Fisher of July 13th, 1926, were one and the same person, and that person the Joe G. Cooke named as defendant in the suit, of which there is no actual dispute upon the appeal.

The trial was to the court as the trier of the facts, and the trial court held that by the recital quoted above from the deed of record (at time of Tuggle's deed in 1933) from Endres to Fisher on July 13th, 1926, the plaintiff was "on notice to make inquiry", that he failed to make inquiry, but that had he made inquiry of Cooke he would have ascertained that on July 13th, 1926, Endres had conveyed an undivided one-half of the minerals under the 50 acres in question.

Here now, on appeal, Tuggle contends that the recital in Endres' deed to Fisher did not amount in law to constructive notice of any outstanding interest in Cooke under the 50 acres, and that he acquired superior title as an innocent purchaser in both the surface and the minerals thereunder by his deed in 1933.

Established principles of law compel the rejection of Tuggle's contentions. He was on constructive notice that Cooke might own an interest in property conveyed to him under his deed, and thus charged with notice to make inquiry at or before time of purchase if unwilling to accept conveyance of the property and interests therein received through the deed he accepted.

██ If a fact is recited in a deed through which a party claims title to land, he is held to have notice of that fact. If the facts recited (in a deed through which a party claims title) are sufficient to put a man upon inquiry, he is charged with notice of those facts which might have been obtained by prosecution of inquiry with reasonable diligence. This is for the reason that the purchaser is entitled to see all the muniments of title, and therefore is presumed to have seen them. If, in any deed through which a purchaser's title is adduced there is a recital or reference to another deed or instrument collateral to the chain of title in which he makes his purchase (or not a part of the direct series), he would, by means of such recital or reference, have notice of this collateral instrument, or its contents, and all the facts indicated, by which it might be ascertained, through inquiry prosecuted with reasonable diligence, and such notice extends to all deeds and other instruments falling properly within the preceding rules, whether recorded or unrecorded. Henningsmeyer v. First State Bank of Conroe, Tex.Civ.App., Beaumont, 1916, 192 S.W. 286, petition for writ of error dismissed 109 Tex. 116, 195 S.W. 1137, rehearing denied 109 Tex. 116, 201 S.W. 652; 43-B Tex.Jur., p. 41, "Vendor and Purchaser", sec. 733, "Disclosures outside Chain of Title".

Had Tuggle's purchase been merely of the 50 acres in question, perhaps he would not be on constructive notice of the Cooke claim by recital in the deed from Endres to Fisher, a question we are not required to decide and which question we purposely do not here attempt to resolve. But our question is whether Tuggle, in the purchase made, as represented by his deed of 1933, of 179⅛ acres, including acreage of 160 acres described in the deed as an individual parcel (though considered in parcels of 50 acres and 75 acres and additional acreage, as to minerals, in a deed of a remote grantor conveying a mineral interest under the 75 acres) was charged with constructive notice of Cooke's claim to an interest in the minerals under 50 of the 160 acres.

In the celebrated case of Gulf Production Co. v. Continental Oil Co., which was tried in the early thirties, affirmed in 1933 as to judgment in Tex.Civ.App., 61 S.W.2d 185, subsequently, in 1939, reversed and rendered in part by the Supreme Court in 139 Tex. 183, 132 S.W.2d 553, but ultimately, in 1942, being affirmed in toto by the Supreme Court in 139 Tex. 183, 164 S.W.2d 488, the following language in the 1939 opinion is noted, see 132 S.W.2d 553, at page 568:

██ "The general rule as to notice to a purchaser of realty is stated in 43 Texas Jurisprudence, p. 647, sec. 383, as follows:

" 'It is a general rule that the purchaser is charged with notice of the existence, contents, and legal effects of all instruments contained in his chain of title or connected therewith. *He is bound by every description, recital, reference and reservation, and by every other matter contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims. This is so regardless of whether the instrument is recorded or whether he has actually seen or read it, or has any knowledge of its contents.*

" 'Accordingly, the purchaser is charged with knowledge of any equity or interest of a third person which is disclosed or recognized by a conveyance through which he claims, as well as notice of any fact recited or revealed in such conveyance, in the certificate of acknowledgment, or in another

*instrument to which the conveyance refers.* And when a fact is recited which is sufficient to put a prudent man on inquiry, the purchaser is charged with notice of facts which might have been ascertained by a proper inquiry.' (Italics ours.)

"See, also, 31 Tex.Jur. pp. 376–378, sec. 11; 20 R.C.L. p. 353, sec. 15; 27 R.C.L., p. 715, sec. 481; authorities post."

The instrument in which appears the reference to "Joe Cook" and to the interest in the 50 acres of land, recites that the vendor Endres was conveying or had conveyed, by another deed, a part of his property right and title in the land. The instrument in question was an instrument which is so connected with the chain of title to the entire 179⅛ acres of land that S. A. Tuggle purchased that Tuggle was legally bound to notice it, along with the recitals thereof, in the purchase he made.

■ In what is denominated by lawyers as "running the title" or "examining the title", which purchasers of real estate in Texas must make unless they are willing to take the gamble of failing to receive that for which they pay or obligate themselves to pay, an objective of search is the determination of what is not to be received by the vendor's deed as well as the determination of what is to be received. In the investigation of a "chain of title" a purchaser is required to look for conveyances affecting the title to the property under consideration which may have been made prior to his purchase. 36 Tex.Jur., p. 478, sec. 50. Such a conveyance is not in the "chain of title" of the property purchased, but is *connected therewith* so closely that a purchaser is charged with notice thereof.

■ Tuggle's purchase was of land inclusive of both the 50 acres and the 75 acres together as one parcel of 125 acres out of the 160 acres described as a tract in the deed. His deed purportedly conveyed not merely the surface, but the land without any severance theretofore effected as to any part of the mineral estate. As such, he was obliged to examine the title to 160 acres, such acreage inclusive of the 125 acres and

such acreage in its turn inclusive of the 75 acres. He could not examine the title to the 50 acre part thereof and disregard the 75 and later claim that nothing in the "chain of title" to said 50 acres having been brought to his notice in fact or in law indicating that there was a claimant to an interest therein, he was an innocent purchaser as to such acreage, when an investigation of the title to the 75 acres would have disclosed the recital indicating that someone had been delivered a deed to some part of the 50 acres. He purchased 160 acres as an individual tract of land. Under these circumstances, Tuggle was charged with notice appearing in any prior instrument in the chain of title to any part of the 160 acres, or in any prior instrument divesting his grantor of any interest in any part of said tract. Most certainly was this true where the surface estate of 160 acres was purchased as a single tract rather than as two or more separate and individual tracts, and where his remote grantor had made a segregation only as to mineral interests in order that such interests could be thereunder separated and individually treated. That was the circumstance when Endres executed the deed to Fisher.

The recording of the deed from Endres to Fisher was a recording of notice that Endres had divested himself of title to a certain interest under the 160 acre tract, if not under the entire 179⅛ acres. Tuggle's purchase was of an interest or right in the same 160 acres. Therefore, Tuggle was constructively notified by Endres' deed to Fisher that Cooke had acquired from Endres an interest under the same tract. White v. McGregor, 1899, 92 Tex. 556, 50 S.W. 564, 71 Am.St.Rep. 875. This is true though the deed by which Endres divested himself of title to the interest conveyed to Cooke was to a part of the 160 acres separate from that part in which Fisher acquired his interest.

The trial court did not err in holding that Tuggle was given constructive notice of Cooke's interest and therefore hearing evidence upon the question of fact as to whether Cooke had been delivered a deed to the undivided one-half interest in the

minerals under the 50 acres on July 13th, 1926. The recital in the deed to Fisher did not create a presumption but did constitute evidence of this fact. Upon this and other evidence, the trial court found for the defendants upon said fact issue.

Tuggle challenges the sufficiency of such evidence to support the judgment entered in the case. He also contends that the finding of the court, as the fact finder in this case, was so contrary to the overwhelming weight and great preponderance of the evidence that it should be set aside. We have examined all the evidence presented in the statement of facts and we fail to agree with appellant in either respect.

Judgment is affirmed.