Ruth ODSTRCIL, Appellant,

v.

Henry T. ODSTRCIL, Appellee.

No. 14410.

Court of Civil Appeals of Texas.

Houston.

Nov. 5, 1964.

Rehearing Denied Dec. 3, 1964.

Charles C. Smith, Jr., Cameron and Walter M. Hilliard, Caldwell, for appellant.

John M. Lawrence, III, Bryan and Hays Bowers, Caldwell, for appellee.

WERLEIN, Justice.

Henry T. Odstrcil sued for divorce and settlement of property rights, alleging among other things that the two tracts of land aggregating 249 acres of land, parts of the S. C. Robertson League No. 3 in Burleson County, Texas, more particularly described in his petition, were his separate property. Appellant, Ruth Odstrcil, filed a cross-action for divorce and for partition of the 249 acres, claiming it was community property. After the parties had rested and appellant's motion for an instructed verdict was overruled, the parties stipulated that the jury be withdrawn and that judgment be rendered by the court. The trial court granted appellant a divorce; found that the 249 acres in question was the separate property of appellee; divided equally community property consisting of the sum of $1200.45; and also found that appellant was entitled to $881.00, such sum representing one-half of the $1,006.00 indebtedness assumed by appellee at the time the assets and liabilities of the estate of appellee's mother, Mrs. Frantiska Odstrcil, were partitioned, and $378.00 later paid on said indebtedness by appellant out of her separate property.

Appellant's appeal is limited to the part of the judgment finding that the 249 acres was the separate property of appellee and that the $1,006.00 note executed by appellee, which was later paid out of community funds of appellant and appellee, with the exception of said $378.00, represented an indebtedness due the estate of appellee's mother, and was assumed by appellee in course of partition of the estate of his mother.

Appellee's mother died intestate on May 16, 1928. She was survived by her husband, Peter Odstrcil, and six children, including appellee. On December 30, 1930 appellant and appellee were married. On January 28, 1933, Peter Odstrcil and his six children, the married daughters being joined by their respective husbands, executed a partition deed in which they undertook to partition between themselves the real estate which Peter Odstrcil and his wife Frantiska owned at the time of her death, consisting of more than 1000 acres with improvements, including Peter Odstrcil's homestead and also the home which was on the 249 acres occupied by appellant and appellee.

The partition deed recites that the parties executing the same hold in common the lands described therein and also owe several debts due by them in sums and amounts "as hereinafter mentioned, and are desirous in making partition of the said lands as well as prorating the indebtedness now pending on part of said lands and also other indebtedness amounting to about Seventy Five Hundred Dollars * * *." Then follows the partitioning of tracts of land by metes and bounds to said Peter Odstrcil and each of the six children, and the recitation of the amount of indebtedness each paid or assumed. The partition deed is too long to set out in full. The part thereof pertaining to the tracts partitioned to appellee is as follows:

"That the said Henry T. Odstrcil shall from henceforth have, hold possess and enjoy, in severalty by himself and his heirs and assigns for his part, share, interest and proportion of the said lands and premises, all those tracts or parcels of land in Burleson County, Texas, parts of the S. C. Robertson League No. 3, and described as follows:

[Here the 2 tracts are described by metes and bounds, one containing 61½ acres of land and the other 187½ acres]

"And whereas the said Henry T. Odstrcil has executed to Peter Odstrcil his certain Lien note for the sum of One Thousand Six and No/100 ($1006.00) Dollars said Peter Odstrcil acting as Trustee for the Estate of

Frantiska Odstrcil Deceased, said note being due and payable on or before five years after date hereof, bearing interest at the rate of Seven (7%) per centum from date, and payable at Caldwell, Texas, which is a valid and existing lien on said land, and the other parties hereto grant, release and convey and confirm unto the said Henry T. Odstrcil the premises above described, with all and singular the rights, hereditaments and appurtenances thereto in anywise belonging, unto the said Henry T. Odstrcil his heirs and assigns forever.

"But it is expressly agreed and stipulated that the Lien is retained against the above described property, premises and improvements until the above described note and all interest thereon are fully paid according to its face and tenor effect and reading when this deed shall become absolute."

The partition in question was a voluntary partition entered into by all the persons owning undivided interests in the entire land. There is nothing in the record showing the comparative values of the tracts partitioned to the father and the children or showing the value of improvements thereon, or showing that anyone got more than the equivalent of his or her undivided interest in the property. Appellant does not contend that the court did not make a fair and impartial settlement of the community property of the parties (other than the 249 acres claimed by appellee as his separate property) or that the court did not make a proper allowance for the community funds that were used in paying off the $1006.00 note and for reimbursing appellant the sum of $378.00 representing the amount she paid out of her separate funds. The sole contention of appellant is limited to her claim that the 249 acres was community property and that the trial court erred in finding that said vendor's lien note in the sum of $1006.00 represented an indebtedness due the estate of appellee's mother, and had been assumed by

appellee. This note was executed only by appellee, but after it was assigned by the estate of Frantiska Odstrcil, deceased, by Peter Odstrcil, trustee, to S. P. J. S. T. Lodge, and had been renewed or extended several times by instruments in which appellant joined, it was ultimately paid out of community funds with the exception of the amount paid by appellant out of her separate funds.

After appellant and appellee were married they lived on part of the 249 acres known as the Dunn Place which appellee rented from his father, Peter Odstrcil, prior to the partition. The only testimony with respect to value of the property in 1933 was that of one Ole Langham who had some property nearby, and testified that part of the land was capable of cultivation and part of it was not, and that $4.00 per acre was the reasonable cash market price of the land in "about 1933".

It is clear that upon the death of his mother, appellee inherited an undivided one-twelfth interest in all of the more than 1000 acres and improvements thereon. This undivided interest vested in appellee immediately upon the death of his mother, subject to the payment of his prorata part of the debts of the intestate. Article 3314, Vernon's Annotated Civil Statutes, now Sec. 37, Probate Code, V.A.T.S. There is no evidence with respect to the nature, extent or value of the improvements upon the more than 1000 acres of land or upon the 249 acres in question. There is no evidence with respect to the value of the particular tracts partitioned to the various undivided owners. There is no evidence that appellee received in the partition of the tracts to him more property than the equivalent of his interest in the entire property. There is no evidence that Peter Odstrcil got more or less than what would be equivalent to his undivided one-half interest in the property since there is no evidence as to the character and value of the improvements on the land allotted to him. There is no evidence as to which

parts of the land were capable of cultivation in 1933 and which were not.

Appellant contends, however, that since appellee executed a vendor's lien note in the sum of $1006.00 to his father, Peter Odstrcil, as trustee of the estate of his deceased mother, and there is no evidence that appellee owed anything to his mother, such note must have represented payment by appellee to his father for some interest in the real estate in question. This position seems to us untenable. If appellee were purchasing an interest in the land from his father, there is no reason why such note was not made payable to Peter Odstrcil individually. The court actually found that the $1006.00 indebtedness was assumed by appellee by the execution of said note at the time the assets and liabilities of the estate of Mrs. Frantiska Odstrcil were partitioned. The partition deed recites that the parties thereto were desirous of prorating the indebtedness pending on part of the lands, and also other indebtedness amounting to $7500.00. There is no evidence showing whether or not the $1006.00 indebtedness assumed by appellee was part of that "pending on part of the land" or other indebtedness, other than the fact that the note was payable to the trustee of the mother's estate and by it later assigned. There is nothing to show that any part of the indebtedness assumed by appellee evidenced by his note which was not signed by appellant, was in payment of purchase money for any land or that he received more land than he was entitled to by virtue of his one-twelfth undivided interest in all the lands.

■ The inception of the title in appellee was at the moment of his mother's death, some two and one-half years before he married appellant. The partition (in the absence of showing that appellee got more land than he was entitled to), did not operate as a conveyance or transfer of title to any of the acreage partitioned to appellee. In Hamilton v. Hamilton, 1955, 154 Tex. 511, 280 S.W.2d 588, the Court said:

"It seems to be the law generally that a partition deed does not operate as a conveyance or transfer of title, the effect being to divide the property and to give to each the share which he already owned by virtue of some prior deed or other conveyance.. French v. French, Tex.Civ.App., 188 S.W.2d 586, er. ref.; Jones v. State,. Tex.Com.App., 5 S.W.2d 973, the reason being that the parties already owned their respective interests and a partition deed from one to another is not the conveyance of title but merely the division of the property so that each may have exclusive use and occupancy and the right to dispose of as he sees fit his own land, to make it in a form certain instead of an undivided interest in the whole. Cleveland v. Milner, 141 Tex. 120, 170 S.W. 2d 472."

See also Steele v. Caldwell, Tex.Civ.App. 1942, 158 S.W.2d 867.

■ In Jenkins v. Robinson, Tex.Civ. App.1943, 169 S.W.2d 250, the court stated : that the settled rule was:

" * * * that where title is acquired by either spouse before marriage its status as separate property is fixed at the time of its acquisition, which status cannot be altered thereafter by the fact that the remainder of the purchase price is paid for with funds of the community estate. Lee v. Lee, 112 Tex. 392, 247 S.W. 828."

■ No request was made for findings . of fact or conclusions of law and the court made none. The trial court's judgment,. therefore, implies all necessary fact findings in support of the judgment. Renfro Drug Co. v. Lewis, 1950, 149 Tex. 507, 235 . S.W.2d 609, 23 A.L.R.2d 1114. We find nothing in the cases cited by appellant inconsistent with our holding herein.

Judgment affirmed.