Donald WESTHOFF et al., Appellants,

v.

F. A. REITZ et al., Appellees.

No. 17861.

Court of Civil Appeals of Texas, Fort Worth.

June 9, 1977.

Rehearing Denied July 14, 1977.

Vinson, Elkins, Searls, Connally & Smith, and William P. Hallman, Jr., Fort Worth, for appellants.

James H. Knapp, Rohne & Hoodenpyle, and Wayne A. Rohne, Arlington, for appellees.

## OPINION

HUGHES, Justice.

F. A. Reitz and other heirs at law of C. L. R. Reitz, deceased, filed a trespass to try title and partition suit against Donald Westhoff; Francis Stephan; Jim Griffin, Trustee; Hazel Reitz (widow of C. L. R.); and Harris Investments, Inc. Westhoff, et al. appealed from an order of the trial court styled: "PRELIMINARY DECREE OF PARTITION AND APPOINTMENT OF COMMISSIONERS AND SURVEYOR", which found appellees entitled to ½ of the property in question and ordered a partition in kind.

We affirm.

Appellees suggested that the appeal is premature, it not having been made from a final judgment.

■ We do not agree with this contention. "The first decree in partition is sometimes referred to as the 'interlocutory decree' while the second is termed the 'final decree.' . . . However, the first decree is interlocutory only in the sense that it is intermediate in relation to the second decree. The rights and matters therein determined are final and it is appealable as a final judgment. . . ." *Marmion v. Wells*, 246 S.W.2d 704, 705 (Tex.Civ.App.—San Antonio 1952, writ ref'd). See also *Pfeffer v. Meissner*, 286 S.W.2d 241, 246 (Tex.Civ.App.—Galveston 1955, writ ref'd n.r.e.).

The property involved is in Dallas and Tarrant counties, being split by the county line. The partition deed of November 2, 1921 (plaintiffs' exhibit no. 5) relates that the five children of John Reitz, deceased, were the residuary legatees under his will and divided the property into three tracts: J. A. Reitz received 78.28 acres; Mary M. Day received 73.06 acres; and H. J., C. L. R. and F. A. Reitz jointly received 182.66 acres.

Appellees introduced the following deeds into evidence, all of which were dated August 12, 1948:

Plaintiffs' exhibit no. 7—J. A. Reitz, C. L. R. Reitz and Mary M. Day as ". . . *heirs at law of John B. Reitz, deceased, and* heirs at law of H. J. Reitz, deceased, . ." conveyed to F. A. Reitz 91.4 acres of land out of the J. Banks and J. Childress Surveys for a consideration of ". . . Ten and NO/100 Dollars *and for the purpose of making separate and individual deeds* . . .." (Emphasis ours). Vendor's lien was retained.

Plaintiffs' exhibit no. 9—Joe Reitz, Alvin Reitz and Charlie Reitz ". . . in consideration of One ($1.00) Dollar to each of us in hand paid by MARY M. DAY . . . *and to confirm the agreed partition of the lands inherited by us* and our sister, Mary M. Day, from our deceased brother, Henry Reitz, . . ." conveyed 15 acres of land out of the Banks and Childless Surveys to Mary M. Day. No vendor's lien retained. (Emphasis ours).

Plaintiffs' exhibit no. 10—Joe, Alvin and Charlie Reitz with the same stated consideration as defendants' exhibit no. 2 conveyed 73.06 acres to Mary M. Day out of the Banks and Childress Surveys.

Appellants introduced their exhibit no. 2 which was dated August 18, 1948, being a deed from F. A. Reitz, J. A. Reitz and Mary M. Day, ". . . *being the children of John B. Reitz, Deceased, and the heirs at law of H. J. Reitz, deceased* . . ." for a consideration of ". . . Ten and NO/100 DOLLARS *and for the purpose of making separate and individual deeds* . . .." to C. L. R. Reitz of 76.66 acres of

land out of the Banks and Childress Surveys. A vendor's lien was retained. (Emphasis ours).

Appellees claim that H. J. Reitz, one of the brothers of C. L. R., died without issue and intestate. Further, they claim that a partition was effected by plaintiffs' exhibits nos. 7, 9 and 10 and by defendants' exhibit no. 2.

■ If the deeds mentioned are partition deeds, they did not alter the character of the property. If it was C. L. R.'s separate property when they were executed, it so remained. *Odstreil v. Odstreil,* 384 S.W.2d 403 (Tex.Civ.App.—Houston 1964, writ dism'd); *Hamilton v. Hamilton,* 154 Tex. 511, 280 S.W.2d 588 (1955).

■ We hold the trial court to have been correct in finding the property to be C. L. R.'s separate property. (There was ample testimony for the trial court to find it was acquired by C. L. R. by inheritance (1921) before marriage (1941). *Lee v. Lee,* 112 Tex. 392, 247 S.W. 828 (Tex. Comm'n App. 1923, jdgmt. adopted); *Jenkins v. Robinson,* 169 S.W.2d 250 (Tex.Civ.App.—Austin 1943, no writ). Viewing the evidence in the light most favorable to the ruling of the trial court, we agree that there is evidence to support same and therefore overrule appellants' points of error 1 through 6.

■ We hold that the deeds offered by appellees into evidence, plus the marriage certificate of C. L. R. and Mary Reitz offered by appellants into evidence, identify the land as the separate property of C. L. R. and sufficiently put purchasers, such as the appellants, on notice to make further inquiry of the status of ownership of this land.

■ We also hold that the deeds offered by appellees are not excluded by the Dead Man's Statute, Tex.Rev.Civ.Stat.Ann. art. 3716 (1926). The statute does not exclude written instruments executed by the deceased when such are relied upon for recovery by the objecting party. *Newsom v. Fikes,* 153 S.W.2d 962 (Tex.Civ.App.— Fort Worth 1941, writ ref'd w.o.m.).

■ Further, it has been held that Art. 3716 does not disqualify witnesses from testifying to matters over which they have personal knowledge. *Taylor v. Jones,* 135 S.W.2d 767 (Tex.Civ.App.—El Paso 1940, writ dism'd jdgmt cor.); *Wideman v. Coleman,* 17 S.W.2d 786 (Tex.Comm'n App.1929, holding approved). From this it would appear that, even if F. A. Reitz and John P. Day's testimony should not have been admitted for their interpretation of the proceedings concerning the deeds in question, their testimony as to the facts within their knowledge of heirship and family relationships would not be excluded under the *Wideman v. Coleman* case, supra.

Since the trial was before the court we must presume the court considered only the competent evidence before him.

Under the facts of the case, we agree with appellees that legal title is in them according to the law enunciated in *Summerlin v. Smith,* 279 S.W. 284 (Tex.Civ.App. —Texarkana 1926, writ dism'd).

■ We hold that appellants did not prove that they were innocent purchasers for value without notice because the 1948 deed to C. L. R. would put a prudent man on notice by its peculiar terminology to look further down the chain of title. *Tuggle v. Cooke,* 277 S.W.2d 729 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n.r.e.); *Gulf Production Co. v. Continental Oil Co.,* 139 Tex. 183, 132 S.W.2d 553 (1939). To have done so would have revealed the partition deed of 1921 involving the C. L. R. obviously-heired interest in the land in question. The *Tuggle* case, supra, cites the rule that purchasers, such as appellants, are required to look for conveyances affecting title to the property bought, not only in the chain of title, but also conveyances ". . . *connected therewith* so closely that the purchaser is charged with notice thereof." (Emphasis theirs).

We overrule appellants' points of error nos. 7 through 11.

No reversible error appearing, the judgment of the trial court is affirmed.