JAMES J. HARTNETT, P.C., Will Ford Hartnett, James J. Hartnett, Jr. and Anne Perreault Hartnett, Appellants,

v.

CITY OF DALLAS, Appellee.

City of Dallas, Appellant,

v.

Ames J. Hartnett, P.C., Will Ford Hartnett, James J. Hartnett, Jr., Anne Perreault Hartnett, and Meadow Financial Corp., Appellees.

No. 2–99–086–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 4, 1999.

Rehearing Overruled Dec. 16, 1999.

Judgment Vacated and Appeal Dismissed Jan. 18, 2000.

The Harnett Law Firm, and James J. Hartnett, Jr., Dallas, for Appellants.

Christopher D. Bowers, Dallas, for City of Dallas.

Secore & Waller, L.L.P., and Beth Ann Blackwood, Dallas, for Meadow Financial Corp.

Panel A: LIVINGSTON, RICHARDS, and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### INTRODUCTION

This is a suit to quiet title. James J. Hartnett, P.C. and James, Will, and Anne Hartnett (collectively, appellants) claim ownership of a tract of land, over a portion of which the City of Dallas (the city) claims a right-of-way easement. The city sued to settle the dispute. The trial court ruled that the property description in appellants' deed referenced the city's right-of-way as an ascertainable adjoinder and that this call for adjoinder controlled the deed's conflicting calls for distance. Concluding as a matter of law that appellants' interest was therefore subject to the city's easement, the trial court granted the city's motion for summary judgment. Both parties appeal; appellants challenge the court's ruling and the city challenges the trial court's denial of the city's request for attorney fees. Because we hold as a matter of law that the appellants' deed did not reference the right-of-way as an ascertainable adjoinder and so is not subject to the city's easement, we reverse the trial court's judgment and render judgment for appellants.

### FACTUAL BACKGROUND

On December 2, 1987, the Dallas City Council passed a resolution establishing the alignment of Frankford Road in Denton County. That resolution was filed at the Office of the City of Dallas with a rough drawing of the proposed project. The city later obtained easements along the alignment in preparation for the roadway construction. On September 19, 1994, Charles McKamy, the owner of the land directly south of appellants' property, purportedly granted the city an easement along the northern edge of his property. Appellants contend, however, that a portion of this easement overlaps the southern edge of their property and is invalid to that extent.

Appellants obtained a deed of trust lien on the property in question on January 14, 1988 and filed it in the real property records of Denton County on January 19, 1988. They subsequently obtained title to the property when they foreclosed on the lien on November 1, 1994. The third call in the property description of the appellants' deed reads: "THENCE S 00°30' 28" W, 615.19 feet to a point in the proposed north right-of-way line of Frankford Road (proposed 100' right-of-way)." The fourth call reads: "THENCE N 89°29' 32" W 186.15 feet along said proposed north right-of-way line to a point for corner."

The city council's alignment and the McKamy easement both conflict with this property description. Beginning at the corner set in the second call of appellants' deed, the third call measures the eastern boundary at 615.19 feet. The northern edge of the city's easement, however, is only 509.69 feet south of the second call's corner. Hence, appellants claim that the city's easement cuts 105.50 feet into their property.

The city, on the other hand, claims that the third and fourth calls are in fact calls for adjoinder, establishing Frankford Road as the southern boundary of appellants' land regardless of where it is ultimately laid. The city contends that the conflicting call for distance of 615.19 feet is simply wrong and should be ignored. In any case, the city argues that because the alignment was in existence and filed at the Office of the City of Dallas a month prior to the recording of appellants' deed of trust, appellants should be charged with knowledge of the alignment, and therefore took their property subject to the easement later granted to the city.

## STANDARD OF REVIEW

In their first three points, appellants contend that the trial court misconstrued the language in appellants' deed and therefore erred in granting summary judgment for the city. In their eighth point, appellants urge that the trial court erred in denying their own motion for summary judgment.

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. See Tex.R. Civ. P. 166a(c); Calvillo v. Gonzalez, 922 S.W.2d 928, 929 (Tex.1996); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.1979).

■ When, as here, both parties move for summary judgment, each party must carry its own burden, and neither can prevail because of the failure of the other to discharge its burden. See Webb v. Reynolds Transp., Inc., 949 S.W.2d 364, 365 (Tex.App.—San Antonio 1997, no writ). When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented. See Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex.1997); see also Jones v. Strauss, 745 S.W.2d 898, 900 (Tex.1988). The reviewing court should render the judgment the trial court should have rendered. See Agan, 940 S.W.2d at 81.

## APPLICATION

■ The contention in this case is that the deed's call for distance conflicts with the deed's reference to the proposed right-of-way at Frankford Road. The city contends that this reference is a call for adjoinder.

■ A "call for adjoinder" defines a property boundary by reference to a natural or artificial object (i.e., a river or a road) bordering a length of the property's perimeter. See, e.g., Frost v. Socony Mobil Oil Co., 433 S.W.2d 387, 392–97 (Tex. 1968); Kirby Lumber v. Gibbs Bros. & Co., 14 S.W.2d 1013, 1014–15 (Tex. Comm'n App.1929, judgm't adopted). Generally, calls for adjoinder will prevail over calls for distance. See Watts v. Alco Oil & Gas Corp., 540 S.W.2d 557, 563 (Tex.Civ.App.— El Paso 1976, writ ref'd n.r.e.). Indeed, where the adjoinder call is ascertainable, it has the same dignity or rank as a call for a natural or artificial object, and any conflicting call for course, distance, or acreage and the like must typically yield. See id.

However, we conclude as a matter of law that the language in the deed is not a call for adjoinder because the "proposed north right-of-way" is not an ascertainable boundary. (Emphasis added). A reference in a deed to a "proposed" road, without more, can be neither certain nor definite.

*See* BLACK'S LAW DICTIONARY 114 (6th ed.1979) (defining "ascertainable" as able "to render certain or definite.... To insure as a certainty").

The city agrees that boundary lines of adjoinders must be ascertainable, but claims that the proposed right-of-way was in fact ascertainable as of December 2, 1987 when the city council approved the alignment and the resolution was filed in the Office of the City of Dallas. The mere fact that the city council approved the project, however, failed to make the location, design, or even the future existence of the proposed road any more certain or definite. Further, because the resolution was not recorded in the real estate records, appellants would not be charged with knowledge of its contents unless the resolution was fairly disclosed in their deed or in some instrument forming an essential link in their chain of title. *See Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 908 (Tex.1982); *see also Tuggle v. Cooke,* 277 S.W.2d 729, 731 (Tex.Civ. App.—Fort Worth 1955, writ ref'd n.r.e.) (purchaser placed on inquiry by language in deed is charged with knowledge only of those facts discoverable through reasonable diligence). In this case, appellants' deed of trust, the source of their title, makes no reference to the resolution, and the mere use of the words "proposed north right-of-way" is insufficient to place appellants on notice of an approved city project on file in a city office.

Additionally, the city council resolution itself and the rough sketch accompanying it also fail as a matter of law to define the location of the proposed roadway with any certainty. The resolution refers to the roadway's "variable width" and charges the Director of Public Works with the discretion to make "minor changes" in the curb alignment. The sketched map to which the resolution explicitly refers appears to be an extremely rough hand-drawing, providing no measurements or scales for distance. Hence, even if appellants could be charged with knowledge of the proposal, the facts contained therein are insufficient to establish the alignment as an ascertainable adjoinder.

■ Because we hold that the reference in appellants' deed to "the proposed north right-of-way" is not an adjoinder, we strike that phrase as surplusage and read the calls without it. *See Reserve Petroleum Co. v. Harp,* 148 Tex. 448, 226 S.W.2d 839, 841 (1950) (part of description that is surplusage will be rejected or disregarded and deed will be sustained as valid if remaining words are sufficient to identify the land with certainty). Disregarding the surplus language, we hold that the calls for distance in the deed's property description are sufficient to identify the land with certainty.[1]

## CONCLUSION

Because we hold as a matter of law that the reference to "the proposed north right-of-way" in appellants' deed was not a call for adjoinder, and because we also hold that the calls for distance adequately define the property, we conclude that appellants did not take their property subject to the city's alignment or its easement. We grant appellants' first, second, third, and eighth points. In light of our holding with regard to these points we do not reach appellants' remaining points or the city's appeal for fees. We reverse the trial court's summary judgment for the city and render judgment for appellants.

---

1. The city points out that appellants' property description is not wholly without error. Indeed, although the description does close, the final call defines a boundary that runs exactly one hundred feet past the point for beginning, creating an extraneous line protruding from the defined area. Because this flaw in the description has no bearing on this case, we disregard it as an irrelevant typographical error.